IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Wiley Y. Daniel**

Civil Action No.  06-cv-00504-WYD

DARRYL LAMAR DAGEN, Debtor.

DARRYL LAMAR DAGEN, Appellant,

v.

MASAKO KURAGANO-DAGEN

      Appellee.

---

## ORDER

---

THIS MATTER is before the Court on Appellant/Debtor Darryl Lamar Dagen's ("Dagen") appeal of an Order issued the United States Bankruptcy Court for the District of Colorado ("Bankruptcy Court") on March 9th, 2006 ("March 9th Order").  In the March 9th Order, the Bankruptcy Court granted partial relief from the automatic stay. Specifically, the Bankruptcy Court ordered that Appellee Masako Kuragano-Dagen could proceed in state court regarding issues relevant to her divorce with Dagen.

In the present appeal, Dagen argues that the Bankruptcy Court committed error in the March 9th Order for two reasons.  First, Dagen argues that the Bankruptcy Court should have allowed him to "explore alternative dispute resolution under District of Colorado L.B.R. 919."  Second, Dagen argues that the Bankruptcy Court erred in allowing a lift of the automatic stay on Appellant and other creditors.

In the March 9th Order, the Bankruptcy Court found cause to partially lift the Automatic Stay.  Specifically, the Bankruptcy Court ordered that the stay be lifted and

allow Appellee to "proceed in the divorce case to obtain an Order, dividing the marital property." (Order at 1). However, the Bankruptcy Court specifically limited the relief, ordering that Appellee "not seek to collect a debt from the Debtor [Dagen] arising in connection with such distribution of property . . . ." *Id.* The Bankruptcy Court also lifted the automatic stay in order that Appellee could "seek to establish or modify an award for maintenance or alimony." *Id.* at 2. The Bankruptcy Court also limited this relief, ordering that Appellee could "not attempt to collect the same from property that is property of the estate."

A.    Whether the Bankruptcy Court Erred in not Referring Matters Affecting the Estate to Arbitration

I find Appellant's first argument, that the Bankruptcy Judge should have ordered Alternative Dispute Resolution in this matter, to be without merit. It is within the discretion of the bankruptcy court to decide whether to compel the parties to proceed with alternative dispute resolution. *See In re Charles P. Young Co.*, 111 B.R. 410, 417 (Bankr. S.D.N.Y. 1990). In accordance with the District of Colorado's Local Bankruptcy Rule 919, "[a]t any stage of the proceedings, on a motion of a judge or pursuant to motion or stipulation of counsel, a judge *may* direct the parties to an adversary proceeding or contested matter to engage in an early settlement conference or other alternative dispute resolution proceeding." (emphasis added). Accordingly, nothing in the local rules mandates that a Bankruptcy Court refer a contested matter to arbitration.

Dagen has failed to demonstrate any basis for his assertion that the Bankruptcy Court "committed reversible error in not allowing the parties to explore alternative dispute resolution." (Appellant's Br. at 1.) I find that the Bankruptcy Judge did not

abuse her discretion in not referring this matter to alternative dispute resolution
pursuant to Colorado Local Bankruptcy Rule 919.

B.      Whether the Bankruptcy Court Erred in Partially Lifting the Automatic Stay

        Dagen also argues that the Bankruptcy Court "committed reversible error" in the
March 9th Order by granting partial relief from the automatic stay.  As support for this
argument, Dagen asserts that the Bankruptcy Court: did not properly weigh the
evidence presented at the hearing; did not allow Dagen to present evidence regarding
whether or not Appellee, her attorneys, and the divorce court, were acting in bad faith;
and did not allow Dagen the opportunity to "make a complete and comprehensive
record."  I find Dagen's argument to be without merit.

        Pursuant to 11 U.S.C. § 362, an automatic stay took effect once Dagen filed for
bankruptcy.  Section 362(d) of the Bankruptcy Code "allows the granting of relief from
the automatic stay under appropriate circumstances."  *Pursifull v. Eakin*, 814 F.2d 1501,
1504 (10th Cir. 1987).  "The decision as to whether to lift the stay is committed to the
discretion of the judge presiding over the bankruptcy proceedings."  *Id.*  The decision is
reviewed under the abuse of discretion standard.  *Id.*  "[F]actors relevant to the
determination of whether the stay should be lifted to permit litigation to continue in
another forum include: judicial economy, the degree to which the state court case has
progressed, and whether the issues involve matters of state law."  *In re Nelson*, 335
B.R. 740.

        As explained above, the Bankruptcy Court granted relief from the automatic stay
in order that Appellee could obtain an order dividing the marital property and establish

or modify an award for maintenance or alimony.  These are both matters of state law.

Other Bankruptcy Courts in the Tenth Circuit have found cause to grant relief from the

automatic stay in similar circumstances.  *See e.g. In re Nelson*, 335 B.R. 740, 754

(Bankr. D. Kan. 2004); *In re Carbaugh*, 278 B.R. 512, 525 (10th Cir. BAP 2002).

Defendant has cited to no authority which stands for the proposition that granting relief

from the automatic stay in these circumstances was an abuse of discretion.

Accordingly, I find that the Bankruptcy Court acted well within its discretion in granting

Appellee partial relief from the automatic stay.

C.    Conclusion

        For the aforementioned reasons, it is

        ORDERED that the Bankruptcy Judge Elizabeth Brown's Order of March 9th,

2006, granting partial relief from the automatic stay is AFFIRMED.

Dated:  March 28, 2007

                                        BY THE COURT:


                                        s/ Wiley Y. Daniel
                                        Wiley Y. Daniel
                                        U. S. District Judge